# In the Superior Court of the State of Arizona
# In and For the County of Mohave

**Plaintiff's Attorneys:**
Reid D. Garrey - Primary Attorney
Bar Number: 009457, issuing State: AZ
Law Firm: Garrey, Woner, Hoffmaster & Peshek, P.C.
6611 N. Scottsdale Road
Scottsdale, AZ 85250
Telephone Number: (480)483-9700
Email address: reid.garrey@gwhplaw.com

Erin M. Evans
Bar Number: 025469, issuing State: AZ
Law Firm: Garrey, Woner, Hoffmaster & Peshek, P.C.
Telephone Number: (480)483-9700

Ashley E. Wallace
Bar Number: 033360, issuing State: AZ
Law Firm: Garrey, Woner, Hoffmaster & Peshek, P.C.
Telephone Number: (480)483-9700

Brandon B. Rafi
Bar Number: 030957, issuing State: AZ
Law Firm: Rafi Law Group, PLLC
Telephone Number: (623)388-4333

Afshin Afsharimehr
Bar Number: 031107, issuing State: AZ
Law Firm: Rafi Law Group, PLLC
Telephone Number: (623)388-4333

**Plaintiffs:**
Dawn Janczweski
Telephone Number: (480)483-9700

Dwayne Brott
Telephone Number: (480)483-9700

AZturboCourt.gov Form Set #5463609

**Defendants:**

Comedy On Deck Tours, Inc.

Gary Griep

Jane Doe Griep

Discovery Tier t3

Case Category: Tort Motor Vehicle
Case Subcategory: Non-Death/Personal Injury

Person/Attorney Filing: Reid D. Garrey
Mailing Address: 6611 N. Scottsdale Road
City, State, Zip Code: Scottsdale, AZ 85250
Phone Number: (480)483-9700
E-Mail Address: reid.garrey@gwhplaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009457, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Dawn Janczweski, et al.
Plaintiff(s),
v.
Comedy On Deck Tours, Inc., et al.
Defendant(s).

Case No.   S8015CV202100201

**SUMMONS**

To: Gary Griep

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MOHAVE

SIGNED AND SEALED this date: *February 26, 2021*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*ATUGMAN*
Deputy Clerk



FILED
VIRLYNN TINNELL
CLERK. SUPERIOR COURT
02/26/2021 4:26PM
BY: ATUGMAN
DEPUTY

Case No.: S8015CV202100201
HON. CHARLES GURTLER

GARREY, WONER, HOFFMASTER & PESHEK, P.C.
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
(480) 483-9700
D. Reid Garrey
State Bar No. 009457
Reid.garrey@gwhplaw.com
Erin M. Evans
State Bar No. 025469
eevans@gwhplaw.com
Ashley E. Wallace
State Bar No. 033360
awallace@gwhplaw.com
minuteentries@gwhplaw.com

RAFI LAW GROUP, PLLC
2235 North 35th Avenue, Suite 100
Phoenix, Arizona 85009
(623) 388-4333
Brandon B. Rafi
State Bar No. 030957
brandonrafi@rafilawgroup.com
Afshin Afsharimehr
State Bar No. 031107
afshin@rafilawgroup.com

Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MOHAVE COUNTY

| | |
|---|---|
| DAWN JANCZWESKI, individually; and DWAYNE BROTT, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COMEDY ON DECK TOURS, INC., a Nevada corporation; GARY GRIEP and JANE DOE GRIEP, a married couple; BLACK CORPORATIONS I-XX; WHITE PARTNERSHIPS I-XX; and DOES I-XX, <br><br> Defendants. | No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **TIER 3** |

- 1 -

COMES NOW Plaintiffs, Dawn Janczweski and Dwayne Brott (hereinafter "Plaintiffs"), and for their cause of action against the Defendants allege as follows:

## PARTIES

1. At all times relevant hereto, Plaintiffs Dawn Janczweski and Dwayne Brott, a couple in a long-term partnership, were residents of Hillsborough County, Florida, and were domiciled as such as of the date of the incident giving rise to this litigation.

2. Upon information and belief, Defendants Gary Griep and Jane Doe Griep are residents of Clark County, Nevada, and were domiciled as such as of the date of the accident giving rise to this action. All actions alleged in this Complaint were undertaken on behalf of and for the benefit of Defendant Gary Griep's marital community, if he was married at the time.

3. Upon information and belief, Defendant Comedy on Deck Tours, Inc. (hereinafter "Comedy on Deck") is a Nevada corporation that is authorized to conduct business and is doing business in the State of Arizona.

4. Defendant Gary Griep caused an accident to occur on January 22, 2021, in Mohave County, Arizona, within the course and scope of his employment when he was driving a Tour Bus (hereinafter the "Tour Bus") owned by Defendant Comedy on Deck on which Plaintiffs were passengers.

5. Defendant Gary Griep was within the course and scope of his employment or agency with Comedy on Deck at the time of the accident on January 22, 2021.

6. Upon Information and belief Defendants BLACK CORPORATIONS I-XX are fictitious names for Defendants whose true names are not known to Plaintiffs at this time.

Plaintiffs request permission to insert the true names of these Defendants as such time as the true names are discovered with the same effect as if such names have been set forth specifically herein.

7. Upon information and belief, Defendants WHITE PARTNERSHIPS I-XX are fictitious names for Defendants, whose true names are not known to Plaintiffs at this time. Plaintiffs request permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such have been set forth specifically herein.

8. Upon information and belief, Defendants DOES I-XX are fictitious names for Defendants, whose true names are not known to Plaintiffs at this time. Plaintiffs request permission to insert the true names of these Defendants at such time as the true names are discovered with the same effect as if such names have been set forth specifically herein.

9. All of the acts, conduct and nonfeasance herein carried out by each and every employee or agent of each and every corporate or business defendant was authorized, ordered and directed by the respective Defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized and participated in the herein-described acts, conduct and nonfeasance of their employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively, ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or

nonfeasance of their co-employees, employees, and agents. In addition, at all times herein relevant, each Defendant, whether named herein or designated as a Doe, was a principal, master, employer and joint-venturer of every other Defendant, and every Defendant was acting within the course and scope of said agency, authority, employment and joint venture.

10. The Defendants caused events to occur in the State of Arizona on January 22, 2021, out of which this action arises.

## JURISDICTION AND VENUE

11. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

12. The Defendants caused the events to occur in the Mohave County, in the State of Arizona on January 22, 2021, out of which this action arises.

13. All acts which give rise to Plaintiffs' causes of action occurred in Mohave County, Arizona.

14. This Court has personal jurisdiction over all parties.

15. Venue is proper within this Court.

16. The amounts in controversy and subject matter of this Complaint are sufficient to confer jurisdiction upon this Court.

17. Based on the case characteristics and criteria as set forth in Arizona Rules of Civil Procedure 8(b) and 26.2(b)(3), this case qualifies for Tier 3 discovery limits.

## ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully

set forth herein.

17. Upon information and belief, at all times material hereto, Defendant Gary Griep was an employee or contracted agent of Defendant Comedy on Deck and was acting within the course and scope of his employment/agency with Defendant Comedy on Deck Tours.

18. Upon information and belief, at all times material hereto, Defendant Comedy on Deck was vicariously liable for the actions of Defendant Gary Griep.

19. At all times material hereto, Defendant Gary Griep owed a duty to exercise reasonable care in his operation of the Tour Bus.

20. On or about January 22, 2021, in the County of Mohave, State of Arizona, Plaintiffs were passengers on a commercial Tour Bus being driven by Defendant Gary Griep and owned by Defendant Comedy on Deck Tours, Inc.

21. Plaintiffs, via the Tour Bus were traveling to the Grand Canyon West, outside the boundaries of Grand Canyon National Park, when the Tour Bus, traveling in excess of the speed limit, among other things, rolled and landed on its side (hereinafter the "Accident").

22. As a direct and proximate result of the negligence of Defendants, and each of them, the Accident occurred and Plaintiffs sustained severe bodily injuries, all or some of which may be permanent and disabling and caused Plaintiffs' damages.

## COUNT ONE
### (Negligence)

16. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

17. Defendant Gary Griep, acting within the course and scope of his employment/agency

with Defendant Comedy on Deck, owed a duty of care to Plaintiffs, to operate the commercial Tour Bus in a reasonably safe manner in order to avoid any foreseeable and unreasonable risk of harm to others.

18. Defendant Gary Griep breached that duty of care by acting negligently and causing the commercial Tour Bus to roll over and land on its side.

19. Defendant Gary Griep's breach of his duty of care was the cause of the motor vehicle Accident and resulting damages to Plaintiffs.

20. As a direct and proximate result of Defendant Gary Griep's breach of his duty of care while acting within the course and scope of his employment/agency with Comedy on Deck, Plaintiffs have suffered damages including, but not limited to, personal injury, medical bills and expenses of past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future household services, and pain and suffering, some or all of which will likelyy to continue to occur into the future and some or all of which may be permanent.

### COUNT TWO
(Negligence *Per Se*)

21. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

22. Defendant Gary Griep, acting within the course and scope of his employment/agency with Defendant Comedy on Deck, owed a duty of care to Plaintiffs to follow all traffic laws and to drive reasonably under the given traffic conditions.

23. At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendant Gary Griep.

24. Plaintiffs were members of the class of persons for whose protection said statutes, ordinances and regulations were enacted or promulgated.

25. Acts of Defendant Gary Griep, as described herein, violated Arizona statutes, ordinances and regulations, specifically A.R.S. §28-701(A), which constitutes negligence *per se*.

26. A.R.S. §28-701(A) is a statute enacted for the protection and safety of members of the public.

27. Plaintiffs are members of the class of persons that A.R.S. §28-701(A) are intended to protect.

28. Defendant Gary Griep's negligent violation of A.R.S. §28-701(A) directly and proximately caused the accident and the kind of harm that the statutes were designed to prevent.

29. As a direct and proximate result of Defendant Gary Griep's violation of A.R.S. §28-701(A), while acting within the course and scope of his employment with Comedy on Deck, Plaintiffs have suffered damages including, but not limited to personal injury, medical bills and expenses past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future household services, and pain and suffering, some or all of which will likely to continue to occur into the future and some or all of which may be permanent.

## COUNT THREE

**(Negligent Entrustment of Vehicle Against Defendant Comedy on Deck)**

30. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

31. Upon information and belief, Defendant Comedy on Deck is the owner of the commercial bus that Defendant Gary Griep was driving at the time of the incident giving rise to the litigation.

32. Defendant Comedy on Deck gave Defendant Gary Griep permission to operate the commercial bus at the time of the incident giving rise to this litigation.

33. Defendant Gary Griep was incompetent to drive safely.

34. Defendant Comedy on Deck knew or should have known that Defendant Gary Griep, was inexperienced, incompetent, and/or unfit to drive the subject commercial vehicle, a Tour Bus.

35. As a result of Defendant Comedy on Deck permitting Defendant Gary Griep to drive, Gary Griep negligently caused the Accident.

36. As a direct and proximate cause Defendant Comedy on Deck's negligent entrustment of the commercial bus to Defendant Gary Griep, Plaintiffs have suffered damages including, but not limited to personal injury, medical bills and expenses past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future household services, and pain and suffering, some or all of which will likely to continue to occur into the future and some or all of which may be permanent.

**COUNT FOUR**
**(Vicarious Liability/*Respondeat Superior* Against Defendant Comedy on Deck)**

37. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

38. At all times mentioned herein, Defendant Gary Griep was an employee or agent of Defendant Comedy on Deck.

39. Upon information and belief, at the time of the Accident, Defendant Gary Griep was acting within the course and scope of his employment with Defendant Comedy on Deck while driving Defendant Comedy on Deck's Tour Bus.

40. Upon information and belief, at the time of the accident, Defendant Gary Griep was on a business errand on behalf of Defendant Comedy on Deck or furthering a business purpose of Defendant Comedy on Deck.

41. Upon information and belief, Defendant Gary Griep was under Defendant Comedy on Deck's control at the time of the accident.

42. Upon information and belief, the relationship between Defendant Comedy on Deck and Defendant Gary Griep is that of superior and subordinate.

43. As Defendant Gary Griep's employer, Defendant Comedy on Deck is vicariously liable for all Defendant Gary Griep's actions, omissions and inactions performed while within the course and scope of his agency, ostensible agency, joint venture, contractual or employment relationship with Defendant Comedy on Deck.

44. As a direct and proximate result of the acts of Defendants, and each of them, Plaintiffs are entitled to a judgement against Defendant Comedy on Deck stating that it is vicariously liable for all of Defendant Gary Griep actions herein.

45. As a direct and proximate result of the acts of Defendants, and each of them, the accident occurred and Plaintiffs have suffered damages including, but not limited to personal injury, medical bills and expenses past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future household services, and pain and suffering, some or all of which will likely to continue to occur into the future and some or all of which may be permanent.

## FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training, Retention, and Supervision Against Defendant Comedy on Deck)

46. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

47. Defendant Comedy on Deck had a duty to properly and adequately hire, train, retain, and supervise personnel under its control so as to avoid unreasonable risk of harm to the general public.

48. Defendant Comedy on Deck was responsible for the hiring, training, retaining, supervision, and control of its employees and/or agents, including Defendant Gary Griep, and as a direct and proximate result of Defendant Comedy on Deck's negligence in hiring, training, supervising, and controlling its employees and/or agents, including Defendant Gary Griep Plaintiffs suffered injuries and damages as herein alleged.

49. That as a direct and proximate result of the acts of Defendants, and each of them, an accident occurred and Plaintiffs have suffered damages including, but not limited to personal injury, medical bills and expenses past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future

household services, and pain and suffering, some or all of which will likely to continue to occur into the future and some or all of which may be permanent.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress Against All Defendants)

50. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

51. Defendants negligently caused the accident and subsequent injuries to Plaintiffs.

52. As a direct and proximate result of the acts, omissions, and conduct of Defendants, Plaintiffs have suffered severe emotional distress.

53. Plaintiffs suffered serious emotional distress due to the negligent conduct of Defendants, and each of them, and that the injuries sustained by Plaintiffs contributing thereto.

54. As a direct and proximate result of the acts of Defendants, and each of them, the accident occurred and Plaintiffs have suffered damages including, but not limited to personal injury, medical bills and expenses past and likely to continue into the future, emotional distress, permanent disfigurement, wage loss, loss of earning capacity, loss of past and future household services, and pain and suffering, some or all of which will likely to continue to occur into the future and some or all of which may be permanent.

## DEMAND FOR JURY TRIAL

55. Pursuant to Ariz. R. Civ. P. Rule 38(a), Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court grant relief in their favor and against Defendants as follows:

1. For all compensatory damages, including past and reasonably probable future general damages in an amount to be determined at trial;

2. For all past medical expenses incurred and future medical expenses reasonably probable to be incurred;

3. For pain, suffering, disability and all other damages that naturally flow from the injuries sustained in the incident;

4. For lost wages and loss of earning capacity;

5. For all taxable costs incurred in the course of prosecuting this personal injury lawsuit;

6. For post judgement interest at the highest legal rate from the date of judgment until satisfaction of judgment if filed with this Court; and

7. For such other and further relief as this Court deems just and proper.

RESPECTFULLY submitted this 26th day of February 2021.

GARREY, WONER, HOFFMASTER & PESHEK, P.C.

By /s/ Erin M. Evans
D. Reid Garrey
Erin M. Evans
Ashley E. Wallace
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
Attorneys for Plaintiffs

RAFI LAW GROUP, PLLC

By /s/ Erin M. Evans (for and with permission)
Brandon Rafi
Afshin Afsharimehr
2235 North 35th Avenue, Suite 100
Phoenix, Arizona 85009
Attorneys for Plaintiffs

ORIGINAL of the foregoing e-filed this 26th day of February, 2021, with the Clerk of Mohave County Superior Court.

By /s/ Ali Linton

FILED
VIRLYNN TINNELL
CLERK, SUPERIOR COURT
02/26/2021 4:26PM
BY: ATUGMAN
DEPUTY

Case No.: S8015CV202100201
HON. CHARLES GURTLER

Person/Attorney Filing: Reid D. Garrey
Mailing Address: 6611 N. Scottsdale Road
City, State, Zip Code: Scottsdale, AZ 85250
Phone Number: (480)483-9700
E-Mail Address: reid.garrey@gwhplaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009457, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Dawn Janczweski, et al.
Plaintiff(s),
v.
Comedy On Deck Tours, Inc., et al.
Defendant(s).

Case No.

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Mohave County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Reid D. Garrey /s/
Plaintiff/Attorney for Plaintiff